UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

          V.                   CRIMINAL NO.  99-10258-DPW (002)

HARRY J. NICHOLSON         ATTORNEY:
                               James DiPietro, Esq.

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT PLEADED GUILTY TO COUNTS:  one

ACCORDINGLY, THE DEFENDANT IS ADJUDGED GUILTY OF SUCH COUNT(S), WHICH
INVOLVED THE FOLLOWING OFFENSES:

| TITLE & SECTION | DESCRIPTION OF CHARGES | COUNTS |
|---|---|---|
| 41 U.S.C. §53 | Anti-Kickback Act | I |
| 18 U.S.C. §2 | Aiding and Abetting | I |

DATE OFFENSE CONCLUDED: 6/4/97

THE DEFENDANT IS SENTENCED AS PROVIDED IN PAGES 2 THROUGH 5 OF THIS
JUDGMENT.   THE SENTENCE IS IMPOSED PURSUANT TO THE SENTENCING REFORM
ACT OF 1984.

DEFENDANT'S SOC.SEC. NO.        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

DEFENDANT'S DATE OF BIRTH:     7/3/63

DATE SENTENCE IMPOSED:        1/18/00

DEFENDANT'S RESIDENCE ADDRESS:   33 Furnace Brook Parkway
                               Apt. #48
                               Quincy, MA 02169

              Weekends:     774 Barkley Avenue
                               East Meadow, New York 11554

DEFENDANT'S MAILING ADDRESS:    SAME

U.S.M. NO.:                  22798-038

DATED: January 18, 2000       _Douglas P. Woodlock_
                               Hon. Douglas P. Woodlock
                               U.S. District Judge

DEFENDANT: HARRY J. NICHOLSEN                    PAGE 2 OF 5
CRIMINAL NO.: CR 99-10258-DPW (002)

## IMPRISONMENT

      THE DEFENDANT IS HEREBY COMMITTED TO THE CUSTODY OF THE UNITED STATES
BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF:

### 12 MONTHS AND 1 DAY

__X__  THE COURT MAKES THE FOLLOWING RECOMMENDATION TO THE BUREAU OF PRISONS:

     The defendant should serve the sentence in community confinement in the
     Boston area.


_____THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

_____THE DEFENDANT SHALL SURRENDER TO THE UNITED STATES MARSHAL FOR THIS DISTRICT
     AT AM/PM ON _____.

_____AS NOTIFIED BY THE UNITED STATES MARSHAL.

__X__  THE DEFENDANT SHALL SURRENDER FOR SERVICE OF SENTENCE AT THE INSTITUTION
     DESIGNATED BY THE BUREAU OF PRISONS,

     _____BEFORE 2 PM ON__MARCH 1, 2000__.


     _____AS NOTIFIED BY THE UNITED STATES MARSHAL.

     _____AS NOTIFIED BY THE PROBATION OFFICE.


### RETURN

     I HAVE EXECUTED THIS JUDGMENT AS FOLLOWS: _____

_____

_____
_____


     DEFENDANT DELIVERED ON_____TO_____

AT_____WITH A CERTIFIED COPY OF THIS JUDGMENT.


                         _____
                         UNITED STATES MARSHAL

                         BY:_____
                           DEPUTY MARSHAL

DEFENDANT: HARRY J. NICHOLSEN                    PAGE 3 OF 5
CRIMINAL NO.: CR 99-10258-DPW (002)

## FINES, SPECIAL ASSESSMENTS, RESTITUTION

IT IS ORDERED THAT THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF
$100.00 FOR COUNT ONE, WHICH SHALL BE DUE FORTHWITH;

A FINE OF $30,000 IS IMPOSED.  THE FINE SHALL BE PAID FORTHWITH.

## SUPERVISED RELEASE

AFTER RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS, THE
DEFENDANT IS HEREBY PLACED ON SUPERVISED RELEASE FOR A TERM OF
TWO (2) YEARS.

## STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without permission of the
court or probation officer;
2.  the defendant shall report to the probation officer as directed by the court
or probation officer and shall submit a truthful and complete written report
within the first five days of each month;
3.  the defendant shall answer truthfully all inquiries by the probation officer
and follow the instructions of the probation officer.
4.  the defendant shall support his or her dependents and meet other family
responsibilities;
5.  the defendant shall work regularly at a lawful occupation unless excused by
the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer within 72 hours of any
change in residence or employment;
7.  the defendant shall refrain from excessive use of alcohol and shall not
purchase, possess, use, distribute, or administer any narcotic or other
controlled substance, or any paraphernalia related to such substances, except as
prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are
illegally sold, used, distributed or administered;
9.  the defendant shall not associate with any persons engaged in criminal
activity, and shall not associate with any person convicted of a felony unless
granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any
time at home or elsewhere and shall permit confiscation of any contraband
observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being
arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a
special agent of a law enforcement agency without permission of the court;
13. as directed by the probation officer, the defendant shall notify third
parties of risks that may be occasioned by the defendant's criminal record or
personal history or characteristics, and shall permit the probation officer to
make such notifications and to confirm the defendant's compliance with such
notification requirement.

DEFENDANT: HARRY J. NICHOLSEN                    PAGE 4 OF 5
CRIMINAL NO.: CR 99-10258-DPW (002)


## SPECIAL CONDITIONS OF SUPERVISION

WHILE ON SUPERVISED RELEASE:

1. THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL
CRIME.

2. THE DEFENDANT ALSO SHALL COMPLY WITH THE STANDARD CONDITIONS THAT
HAVE BEEN ADOPTED BY THIS COURT (SET FORTH IN THIS JUDGMENT).

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS
WEAPON.

4. THE DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR
OPENING ANY ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE
PROBATION OFFICER, UNLESS THE DEFENDANT HAS PAID THE FINE AND SPECIAL
ASSESSMENT.

5. THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER ACCESS TO ANY
REQUESTED FINANCIAL INFORMATION.

6. THE DRUG TESTING CONDITIONS ARE SUSPENDED.

DEFENDANT: HARRY J. NICHOLSEN                    PAGE 5 OF 5
CRIMINAL NO.: CR 99-10258-DPW (002)

## STATEMENT OF REASONS

 X  THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION
IN THE PRESENTENCE REPORT.
                                    OR


_____THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION
IN THE PRESENTENCE REPORT EXCEPT:  (see attachment if necessary):

GUIDELINE RANGE DETERMINED BY THE COURT:

        TOTAL OFFENSE LEVEL:                13

        CRIMINAL HISTORY CATEGORY:          I

        IMPRISONMENT RANGE:                 12 to 18 months

        SUPERVISED RELEASE:                 2 to 3 years

        FINE RANGE:                         $3,000 to $30,000

_____Fine is waived or is below the guideline range, because of the
defendant's inability to pay.

        RESTITUTION:                        n/a

  X The sentence is within the guideline range, that range does not
exceed 24 months, and the court finds no reason to depart from the
sentence called for by application of the guidelines.

                                    OR

_____The sentence is within the guideline range, that range exceeds 24
months, and the sentence is imposed for the following reason(s):

                                    OR

The sentence departs from the guideline range

_____upon motion of the government, as a result of defendant's
substantial assistance.

_____for the following reason(s):

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.                                                      CRIMINAL NO.  99-10258-DPW

HARRY NICHOLSEN

### NOTICE TO DEFENDANT OF APPEAL RIGHTS

WOODLOCK, D.J.

Judgment  in the above entitled matter was imposed on JANUARY 18, 2000.   The defendant is hereby notified of  the right to appeal within 10 days of Entry of Judgment. Fed.R.App.P.4(b).

The attention of the defendant and defense counsel is directed to the provisions of First Circuit Local Rule 12(b), providing that an attorney who has represented a defendant in a criminal case in the District Court will be responsible for representing the defendant on appeal until the attorney is relieved of such duty by the Court of Appeals.  Detailed procedures for withdrawal in criminal cases are found in First Circuit Local Rule 46.6.

BY  THE COURT,

JANUARY 18,  2000

_Rebecca Greenley_
Deputy Clerk